McKinney, J.,
delivered the opinion of the Court.
This suit, which is in debt, was commenced in the name of Fairfield, for the use of Swaggerty, against the plaintiff in error, Thomas Gorman, as administrator of John Gorman, deceased, before a justice of the peace, on the 4th day of December, 1856. The justice of the *561 peace gave judgment against tbe plaintiff, and tbe case was taken by appeal to tbe Circuit Court, where, on tbe trial, judgment was in favor of tbe plaintiff; and tbe defendant appealed in error to tbis Court.
Tbe defence was, that before tbe institution of tbe present suit, other creditors of Eairfield, tbe nominal plaintiff, obtained judgments before justices of the peace, and caused executions to issue thereon; upon which executions tbe defendant Gorman, in bis representative character, was summoned as a garnishee to declare “ what amount the estate of bis intestate was indebted to said Eairfield,” etc... In pursuance of tbis process, tbe defendant without objection appeared before the justice on tbe 22d September, 1856, and stated in substance that be was informed by Eairfield that tbe estate owed him, said Eairfield, one hundred and fifty dollars, “which debt be felt bound to pay, as administrator of said estate.” Upon tbis statement, tbe justice on tbe day of examination rendered judgment against tbe garnishee in favor of tbe several plaintiffs in tbe judgments before mentioned to tbe amount of tbe debt due from Gorman’s estate to Eairfield, to which judgments tbe administrator submitted.
Upon tbe foregoing facts, tbe Circuit Judge instructed tbe jury that tbe judgments against tbe defendant, as garnishee, would not protect him nor constitute a defence against tbe recovery sought by tbe plaintiff. In tbis instruction we think there is no error. The record ■ shows that administration was granted to tbe defendant on the 2d day of June, 1856; consequently the proceedings and judgments on tbe process of garnishment were within six months from tbe date of tbe qualification of Gorman as administrator.
*562 The act of 1829, ch. 57, declares that an executor or administrator “ shall not be liable to answer any suit or summons, which suit shall be commenced within six months after his qualification as such; but all such suits, commenced as aforesaid, may be abated and dismissed at the costs of the plaintiff.”
The act of 1881, ch. 28, § 1, excepts the sureties of the testator or intestate on “bonds, bills, or notes of hand” from the operation of the act of 1829. But the 2d section of the before - recited act of 1831 provides that except in the case of sureties, before mentioned, no executor or administrator shall confess any judgment, or suffer any judgment to go against him, by default or otherwise, within less than six months from his qualification; and positively declares that any judgment obtained contrary to the provisions of this section “shall be void.” And it is further declared to be the duty of the executor or administrator in all such cases “ to plead the act of 1829, ch. 57;” and his failure to do so “shall be considered a de-vastavit.”
It is clear, from these provisions of the act of 1831, that the judgments against the administrator on the garnishment process were altogether null and void, and consequently can avail the defendant nothing as a defence to this action; and in submitting to said judgments the defendant was guilty of a devastavit.
But it is said there is no evidence in the record that any assets came to the hands of the defendant, as administrator of the estate of John Gorman. To this objection it is sufficient to say, that by the defendant’s examination as garnishee before the justice, he is precluded from setting up this objection, inasmuch as in the examination he *563 impliedly if not expressly admits assets to at least tbe amount of one hundred and fifty dollars; and to that extent, at least, be is clearly liable in tbe present suit by bis own admission.
Judgment afSrmed.